USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/2021

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :    CONSENT PRELIMINARY ORDER
        - v. -                    :    OF FORFEITURE AS TO
                                  :    SPECIFIC PROPERTY
LIN FEI ZHANG,                    :
                                       S1 18 Cr. 396 (AJN)
        Defendant.                :
                                  :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about June __, 2018, LIN FEI ZHANG (the "defendant"), was charged in an eight-count Sealed Information, S1 18 Cr. 396 (AJN) (the "Information"), with conspiracy to traffic in contraband cigarettes and smuggle cigarettes, in violation of Title 18, United States Code, Section 371 (Count One); trafficking in contraband cigarettes, in violation of Title 18, United States Code, Sections 2342 and 2 (Count Two); smuggling goods into the United States, in violation of Title 18, United States Code, Sections 545 and 2 (Count Three); identity theft, in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(1)(D), and 2 (Count Four); misuse of passports, in violation of Title 18, United States Code, Sections 1544 and 2 (Count Five); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), (b)(2), and 2 (Count Six); obstruction of the due administration of justice, in violation of Title 18, United States Code, Sections 1503 and 2 (Count Seven); and false statement on loan and credit applications, in violation of Title 18, United States Code, Sections 1014 and 2 (Count Eight);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2344(c); Title 28, United States Code, Section 2461(c); and Title 49, United States Code, Section 80303, of any and all property, real and personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information; any and all contraband cigarettes or contraband smokeless tobacco involved in said offense; and any and all aircraft, vehicles and vessels used to transport, conceal, possess, or facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange or giving away, of contraband cigarettes involved in the offense charged in Count One of the Information; and, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the defendants personally obtained;

WHEREAS, the Information included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant

to Title 18, United States Code, Sections 981(a)(1)(C) and 2344(c), Title 28 United States Code, Section 2461(c), and Title 49, United States Code, Section 80303, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Information; any and all contraband cigarettes or contraband smokeless tobacco involved in said offense; and any and all aircraft, vehicles and vessels used to transport, conceal, possess, or facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange or giving away, of contraband cigarettes involved in the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information that the defendants personally obtained;

WHEREAS, the Information included a forfeiture allegation as to Count Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds

traceable to the commission of the offense charged in Count Three of the Information that the defendants personally obtained;

WHEREAS, the Information included a forfeiture allegation as to Count Five, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), of all conveyances, including any vessel, vehicle, or aircraft, used in the commission of the offense charged in Count Five of the Information; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense charged in Count Five of the Information; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Information that the defendants personally obtained;

WHEREAS, the Information included a forfeiture allegation as to Count Seven, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in

Count Seven of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Seven of the Information that the defendant personally obtained;

WHEREAS, the Information included a forfeiture allegation as to Count Eight, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Eight of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Eight of the Information that the defendant personally obtained;

WHEREAS, on or about ~~DATE~~ July 23, 2018, the defendant pled guilty to Counts One through Eight, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One, Two, Three, Five, Seven and Eight of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981, 982 and 2344; Title 28, United States Code, Section 2461; Title 21, United States Code, Section 853; and Title 49, United States Code, Section 80303, all

right, title and interest of the Defendant in the following specific property: One 2014 Chrysler Town & Country Minivan, VIN 2C4RC1BG8ER169596 seized on the day Zhang was arrested, on or about, January 8, 2018 (the "Specific Property");

WHEREAS, the defendant consents to the forfeiture of all his right, title and interest in Specific Property, which constitutes proceeds of the offenses charged in Counts One, Two, Three, Five, Seven and Eight of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Ryan B. Finkel of counsel, and the defendant, and his counsel, Paul A. Goldberger, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Three, Five, Seven and Eight of the Information, to which the defendant pled guilty, all of the defendant's right, title and

interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the defendant, LIN FEI ZHANG, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant,

claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All

Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

11. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  7/23/18
RYAN B. FINKEL                        DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6612


LIN FEI ZHANG

By: _____  7-23-18
LIN FEI ZHANG                         DATE


By: _____  7-23-18
PAUL A. GOLDBERGER, ESQ.              DATE
Attorney for Defendant
Goldberger & Dubin PC
401 Broadway
New York, NY 10013

SO ORDERED: _____
HONORABLE  Alison J. Nathan           May 28, 2021
UNITED STATES DISTRICT JUDGE          DATE